RICHARD A. TAMOR
TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone:  (415) 655-1969
Facsimile:   (415) 887-7658
email: rtamor@TamorLaw.com

Attorneys for Defendant BRAYAN MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRAYAN MARTINEZ,<br><br>　　　　　Defendant.<br>_____ | Case No.  CR-19-0381 CRB<br><br>DEFENDANT BRAYAN MARTINEZ'S SENTENCING MEMORANDUM; REQUEST FOR VARIANCE TO TIME SERVED SENTENCE<br><br>Date:　April 30, 2020<br>Time:　1:00 p.m.<br>Court:　Hon. Charles R. Breyer |

## I. INTRODUCTION

In this case, the parties have crafted a Rule 11(c)(1)(A) and 11(c)(1)(B) plea agreement that allows the Court to sentence Mr. Martinez to a reasonable sentence under the sentencing factors enumerated in 18 U.S.C. § 3553(a).  The defense submits that, under all the factors that this Court should consider, a downward variance to a time served sentence is sufficient to adequately impress upon Mr. Martinez the seriousness of

1

his conduct, while addressing some of the sentencing objectives of just punishment, rehabilitation, and deterrence as listed in U.S.C. § 3553(a). Sentencing will occur on April 30, 2020. Mr. Martinez will be 20 years old at the time of sentencing. At the time of sentencing, he will have been in custody for almost nine months since his arrest on August 6, 2019 when he was 19 years old.

There is no question that Mr. Martinez committed a very serious offense for which the law dictates a harsh penalty. The requested time served sentence imposes severe punishment on a street level drug dealer who has spent almost nine months in custody in Santa Rita Jail, the last 2 months living under an ominous cloud of the Covid-19 coronavirus. Moreover, Mr. Martinez will likely not be released from custody but rather transferred to Immigration custody to address deportation proceedings.

Under the totality of these circumstances, the requested time served sentence is sufficient to serve the sentencing goals of 18 U.S.C. § 3553(a) and the defense asks that the Court impose that sentence at the time of sentencing.

## II. ARGUMENT

**A. Nature of the Offense and History and Characteristics of Mr. Martinez**

**(I). History and Characteristics of Mr. Martinez**

Mr. Martinez is a citizen of Honduras and was 19 years old at the time of his arrest. He is currently 20 years old, but standing at 5'2 and weighing 135 pounds, he looks much younger than that– he looks like any teenager fond of Snapchat and video

games. Outside of his activities in this case, he earned money working at restaurants and car repair shops.

Mr. Martinez has four brothers and four sisters. His parents could not support them all in Honduras so Mr. Martinez traveled to the United States when he was 16 years old. At the time of his arrest, he was living with his 18 year old wife in Oakland, California. They had been together for 2 years and they were raising a 9 month (now 18 month) old son together. After the requested time served sentence, Mr. Martinez will likely be transferred to Immigration custody to address deportation proceedings. Sadly, he will likely never see his wife and son in person again. He will not be part of their lives and he has accepted the fact that their relationship will be electronic in the form of phone calls, text messages, social media, and FaceTime.

**(ii). Nature of the Offense**

Mr. Martinez and Mr. Martinez alone bears the responsibility for his conduct. He committed all the acts noted in his Plea Agreement. At bottom, he was a teenage non-violent street level drug dealer in the Tenderloin area of San Francisco.

**B. Applicable Purposes of Sentencing (Specific Deterrence and Retribution)**

Mr. Martinez is severely deterred as a result of his conviction of a serious felony by being deprived of his family for the last nine months. Moreover, after serving his sentence, he will likely be deported and therefore never see his wife and son in person again. Against this backdrop, it is clear that the requested time served sentence has already and will doubtlessly continue to prevent Mr. Martinez from ever coming into

contact with the criminal justice system ever again and presents severe retribution for Mr. Martinez's crimes.

**C. The Advisory Sentencing Guidelines**

The defense has agreed that the adjusted offense level is 25 and Mr. Martinez's Criminal History Category is 2 because of a drug related conviction. This yields an advisory guideline range of 63-78 months.

**D. Avoiding Sentencing Disparity in Treatment of Like Offenders**

The following similarly situated street level drug dealer defendants in this and related case CR-19-367-CRB were sentenced as follows:

1. Julio Cesar Viera-Chirinos: Time Served on December 18, 2019;

2. Yordi Yavier Agurcia Galindo: Time Served on February 12, 2020;

3. Jose Franklin Rodriguez Garcia: 12 months and 1 day on March 4, 2020;

4. Gustavo Adolfo Gamez-Velasquez: Time Served on March 11, 2020;

5. Rudis Valladeres-Caceres: Time Served on March 11, 2020;

6. Elvin Mejia-Padilla: Time Served on March 11, 2020; and

7. Rudulio Alexo Garcia: Time Served on March 18, 2020.

The defense submits that the requested time served sentence will avoid sentencing disparities between similarly situated defendants.

///

## IV. CONCLUSION

For the foregoing reasons, the defense respectfully submits that a sentence of time served be imposed on Mr. Martinez as sufficient to fulfill the statutory mandate of 18 U.S.C. § 3553(a).

Date: April 23, 2020

Respectfully Submitted,
TAMOR & TAMOR

_____/s/_____
RICHARD A. TAMOR, ESQ.
Attorneys for Defendant,
BRAYAN MARTINEZ